# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BUTTERMILK SKY OF TN LLC and BUTTERMILK SKY FRANCHISING INC.., <br><br> *Plaintiffs,* <br><br> v. <br><br> BAKE MOORE, LLC, ONE MOORE TIME, LLC, CLARK BAKERY FRISCO LLC, AGAPE PIES LLC, CRAIG MOORE, DONNIE ROBERTSON, LEAH CLARK, and RACHEL DYMOND <br><br> *Defendants.* <br><br> ——————————— <br><br> BAKE MOORE, LLC, ONE MOORE TIME, LLC, and DONNIE ROBERTSON, <br><br> *Counter-Plaintiffs* <br><br> v. <br><br> BUTTERMILK SKY FRANCHISING, INC., SCOTT O. LAYTON, and MEREDITH LAYTON, <br><br> *Counter-Defendant and Third-Party Defendants.* | Civil Action No.  4:20-cv-00327 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Counter-Defendant Buttermilk Sky Franchising Inc.'s Motion to Dismiss First Amended Counterclaim in Part Pursuant to Rule 12(b)(6) and Rule 9(b) (Dkt. #46).  Having considered the Motion, briefing, and relevant pleadings, the Court finds the Motion should be **DENIED**.

**BACKGROUND**

On June 15, 2020, Counter-Plaintiffs Bake Moore, LLC; One Moore Time, LLC; and Donnie Robertson (collectively, "Counter-Plaintiffs") filed their First Amended Counterclaim (Dkt. #31). On June 29, Counter-Defendant Buttermilk Sky Franchising, Inc. ("BSFI") filed its Motion to Dismiss (Dkt. #46). On July 10, Counter-Plaintiffs responded (Dkt. #52). On July 17, BSFI replied (Dkt. #55).

**LEGAL STANDARD**

**I.     Federal Rules of Civil Procedure 12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600,

603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II.     Federal Rule of Civil Procedure 9(b)

BSFI also moves to dismiss under Federal Rule of Civil Procedure 9(b). Rule 9(b) "prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a 'fishing expedition.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009). It is a heightened pleading standard that requires parties to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010).

3

However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. Pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud which…must make relief plausible, not merely conceivable, when taken as true." *Id.* (internal quotations omitted). The Fifth Circuit requires plaintiffs to "specify the statements intended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001)). Therefore, Rule 9(b) requires the complaint to set forth "the who, what, when where, and how of the alleged fraud." *United States ex rel. Stephenson v. Archer W. Contractors, L.L.C.*, 548 F. App'x. 135, 139 (5th Cir. 2013) (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Rule 9(b) "is context specific and flexible and must remain so to achieve the remedial purpose of the False Claim[s] Act." *Grubbs*, 565 F.3d at 190. Therefore, "a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard…" *Id.* at 188. However, "[f]ailure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 12-0371, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

After reviewing the Motion, briefing, and relevant pleadings, the Court finds that Counter-Plaintiffs have stated plausible claims for purposes of defeating a Rule 12(b)(6) and a Rule 9(b) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Counter-Defendant Buttermilk Sky Franchising, Inc.'s Motion to Dismiss First Amended Counterclaims in Part Pursuant to Rule 12(b)(6) and Rule 9(b) (Dkt. #46) is hereby **DENIED**.

**SIGNED** this 27th day of October, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE