# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BUTTERMILK SKY OF TN LLC and BUTTERMILK SKY FRANCHISING INC.., <br><br> *Plaintiffs,* <br><br> v. <br><br> BAKE MOORE, LLC, ONE MOORE TIME, LLC, CLARK BAKERY FRISCO LLC, AGAPE PIES LLC, CRAIG MOORE, DONNIE ROBERTSON, LEAH CLARK, and RACHEL DYMOND <br><br> *Defendants.* <br><br> BAKE MOORE, LLC, ONE MOORE TIME, LLC, and DONNIE ROBERTSON, <br><br> *Counter-Plaintiffs* <br><br> v. <br><br> BUTTERMILK SKY FRANCHISING, INC., SCOTT O. LAYTON, and MEREDITH LAYTON, <br><br> *Counter-Defendant and Third-Party Defendants.* | Civil Action No. 4:20-cv-00327 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Counter-Defendant Buttermilk Sky Franchising Inc.'s Motion to Strike Pursuant to Rule 12(f) (Dkt. #47). Having considered the Motion and relevant briefing, the Court finds the Motion should be **DENIED**.

## BACKGROUND

On June 15, 2020, Counter-Plaintiffs Bake Moore, LLC; One Moore Time, LLC; and Donnie Robertson (collectively, "Counter-Plaintiffs") filed their First Amended Counterclaim (Dkt. #31). On June 29, Counter-Defendant Buttermilk Sky Franchising, Inc. ("BSFI") filed its Motion to strike substantial portions of the Counterclaim (Dkt. #47). On July 10, Counter-Plaintiffs responded (Dkt. #53). On July 17, BSFI replied (Dkt. #56).

## LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court has the authority to act on its own or pursuant to a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. FED. R. CIV. P. 12(f)(1–2). The Fifth Circuit has stated that motions to strike are generally disfavored. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1058 (5th Cir. 1982). They are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by a movant simply as a dilatory tactic. *See Bailey Lumber & Supply Co. v. Georgia-Pacific Corp.*, 2010 WL 1141133, at *4–5 (S.D. Miss. Mar. 19, 2010) (citing *FDIC v. Niblo*, 821 F. Supp. 441 (N.D. Tex. 1993)). Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties. *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*, 2010 WL 1731204, at *5 (E.D. La. Apr. 28, 2010) (citing *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 401 (E.D. Pa. 2002)).

The Court possesses considerable discretion in ruling on a motion to strike. *Bailey*, 2010 WL 1141133, at *4–5 (citing *Niblo*, 821 F. Supp. at 449).

## ANALYSIS

BSFI moves to strike a substantial portion of Counter-Plaintiffs factual allegations because they "confuse the actual issues" and are immaterial (Dkt. 47 at p. 4). After a careful review of the Motion, briefing, and relevant pleadings, the Court is not convinced that BSFI has met its burden demonstrating that the allegations are "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Accordingly, the Court finds the Motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Counter-Defendant Buttermilk Sky Franchising, Inc.'s Motion to Strike Pursuant to Rule 12(f) (Dkt. #47) is hereby **DENIED**.

**SIGNED this 27th day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE