# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BUTTERMILK SKY OF TN LLC and BUTTERMILK SKY FRANCHISING INC. | § § § § | |
| v. | § § § | Civil Action No. 4:20-cv-327 Judge Mazzant |
| BAKE MOORE, LLC, ONE MOORE TIME, LLC, CLARK BAKERY FRISCO LLC, AGAPE PIES LLC, CRAIG MOORE, DONNIE ROBERTSON, LEAH CLARK, and RACHEL DYMOND | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Extension of Scheduling Order Deadlines and Continuance of Trial Date (Dkt. #78). After consideration, the Court finds the Motion should be **GRANTED in part**.

### BACKGROUND

On September 25, 2020, the Court issued a scheduling order that set the pretrial conference for July 1, 2021 (Dkt. #64).

On April 14, 2021, Plaintiffs Buttermilk Sky of TN LLC and Buttermilk Sky Franchising, Inc., and Counter-Defendants Scott and Meredith Layton moved for an extension and continuance of trial. On April 22, 2021, Defendants Bake Moore, LLC, Donnie Robertson, One Moore Time, LLC, Craig Moore, Clark Bakery Frisco LLC, Leah Clark, Agape Pies LLC, and Rachel Dymond responded (Dkt. #79). On April 29, 2021, Plaintiffs and Counter-Defendants replied (Dkt. #80).

### LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may only be modified "for good cause and with the judge's consent." The Fifth Circuit has explained that

"[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation removed); *see also Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492 (S.D. Tex. 2009).

To determine whether good cause exists, the Court considers (1) the explanation for the party's failure to meet the deadline; (2) the importance of the discovery; (3) potential prejudice in allowing the discovery; and (4) the availability of a continuance to cure such prejudice. *Russell v. Wal-Mart Stores*, No: 1:06-CV-408, 2007 WL 9725186, at *2 (E.D. Tex. Jun. 7, 2007).

## ANALYSIS

Plaintiffs and Counter-Defendants ask the Court to extend all remaining deadlines by approximately three months, including moving the pretrial conference from July 1, 2021, to September 29, 2021. The Court finds good cause to extend the deadlines by two months.

Plaintiffs and Counter-Defendants ask for an extension to have sufficient time to depose witnesses, conduct arbitration, and conduct additional discovery in this complicated case (*See* Dkt. #78). Defendants argue all necessary discovery can be completed without moving the pretrial conference.

To show good cause, Plaintiffs and Counter-Defendants must "demonstrate that [they] could not have met the deadline despite [their] diligence." *StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*, 4:17-cv-303, 2019 WL 9901442, at *7 (E.D. Tex. Sept. 9, 2019). This case was filed in April 2020, yet, to date, no one has been deposed (Dkt. #78 at p. 5). Plaintiffs assert depositions were delayed because of the COVID-19 pandemic, but this does not explain why depositions were not taken remotely (Dkt. #78 at p. 5). Currently, the only depositions are

scheduled for May 18-21, 2021—a month after discovery closes (Dkt. #79 at p. 2). This is not diligent.

Next, the Court considers the importance of what the Court is excluding. Plaintiffs argue a three-month extension is necessary to conduct a thorough investigation. The Court agrees it is reasonable to conduct additional discovery after conducting depositions. Although Plaintiffs were not diligent in scheduling depositions, extending discovery is necessary for them to thoroughly investigate their complex claims.

A limited extension will not prejudice Defendants, nor do they identify any prejudice in their response (*See* Dkt. #79). A brief extension would minimally prolong the case's resolution while ensuring that both sides are adequately prepared for trial.

Finally, the Court must consider whether there is a continuance available to cure the prejudice. The Court finds that an approximately two-month extension is a reasonable amount of time to ensure both a thorough investigation and a speedy resolution.

The Court finds that good cause exists to amend the scheduling order with a two-month extension.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Extension of Scheduling Order Deadlines and Continuance of Trial Date (Dkt. #78) is hereby **GRANTED IN PART**. It is hereby **ORDERED** that the following deadlines are extended by approximately two months:

| | |
|---|---|
| July 15, 2021 | All discovery shall be commenced in time to be completed by this date. |
| July 22, 2021 | Notice of intent to offer certified records |
| July 22, 2021 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order |

| | |
|---|---|
| | (*See* www.txed.uscourts.gov) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| July 29, 2021 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross-examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| August 2, 2021 | Motions in limine due.<br>File Joint Final Pretrial Order. (*See* www.txed.uscourts.gov). |
| August 19, 2021 | Response to motions in limine due.[1]<br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[2] (This does not extend the deadline to object to expert witnesses) (Provide the exhibit objected to in the motion or response). If numerous objections are filed the court may set a hearing prior to docket call.<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| Date will be set by Court. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections (usually within 10 days prior to the Final Pretrial Conference). |
| September 2, 2021 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for |

---

[1] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[2] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

|  |  |
|---|---|
|  | this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | 10:00 a.m. Jury selection and trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between October 4, 2021 and October 29, 2021. A specific date within this time frame will be selected at the Final Pretrial Conference. |

**SIGNED this 3rd day of May, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE